IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DENZEN JAMAAL JONES,

    Plaintiff,

v.

ROCK COUNTY CIRCUIT
COURT and GERALD ANTHONY
URBIK,

    Defendants.

OPINION AND ORDER

Case No. 19-cv-429-wmc

Plaintiff Denzen Jamaal Jones brings this proposed civil action under 42 U.S.C. § 1983, claiming that the proceedings leading up to his criminal convictions and sentencing on September 15, 2000, violated his constitutional rights. Since he is no longer incarcerated or serving extended supervision for the conviction and sentence he challenges, he is seeking monetary damages only. Having been permitted to proceed *in forma pauperis*, Jones's complaint requires screening. 28 U.S.C. § 1915(e)(2).[1] For the reasons that follow, Jones's complaint will be dismissed.

ALLEGATIONS OF FACT

Jones seeks to proceed against the Rock County Circuit Court and Gerald Anthony Urbik (the Rock County Assistant District Attorney who prosecuted him) under § 1983,

---

[1] In addressing a pro se litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court also supplements the allegations in the complaint with dates and information about plaintiff's underlying criminal cases from the electronic docket available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov.

on a theory that his criminal prosecution and incarceration, starting September 15, 2000, violated his constitutional rights. While Jones has not cited to the case number of his criminal proceeding, publicly available records show that Jones pled guilty on September 15, 2000, in *State of Wisconsin v. Jones*, No. 2000CF1975, to violating Wis. Stat. § 961.41(1m(c)1 (possession with intent to distribute cocaine) and § 946.49(1)(b) (bail jumping). That same day, Jones was sentenced to five years of incarceration, to be followed by five years of extended supervision. Through counsel, Jones subsequently requested a sentence adjustment in 2005, and that request was denied. Then, on June 22, 2007, following a revocation hearing, Jones was resentenced to one year and six months incarceration, to be served consecutive to another criminal case, *State v. Jones*, No. 2000CF1373. There is no indication that Jones pursued any sort of postconviction relief, *pro se* or otherwise, either related to his original conviction and sentence or the revocation proceeding.

OPINION

Jones's complaint suffers from two defects requiring dismissal of this action. As an initial matter, he cannot sue Urbik, since prosecutors are immune from lawsuits challenging their actions related to presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Nor can he sue the circuit court, since the court is not a suable entity under § 1983. *See McCormack v. Wright*, No. 12-cv-483-bbc, 2012 WL 5247278, at *2 (W.D. Wis. Oct. 23, 2012) (concluding that since a

2

circuit court is part of the county government it serves, it is not a separate suable entity); *Hoffman v. Kehl*, No. 08C41, 2008 WL 358083, at *3 (E.D. Wis. Feb. 8, 2008) (concluding that Kenosha County Circuit Court is not a suable entity since it is an agency of the state);.

Even assuming Jones identified a suable individual, his request for monetary damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* This rule applies regardless of Jones's release from custody and the unavailability of habeas relief. *Savory v. Cannon*, 947 F.3d 409, 41-31 (7th Cir. 2020) ("*Heck* controls the outcome where a section 1983 claim implies the invalidity of the conviction or the sentence, regardless of the availability of habeas relief.").

While he has not included many details in his complaint, Jones has alleged that his sentence was illegal, he was wrongfully incarcerated and he was forced into agreeing to an illegal sentence. Jones, however, does not suggest that his criminal conviction or sentence have been overturned or called into question in any way. Moreover, the record of this criminal proceeding suggests that while he may have attempted to adjust his sentence

following his conviction, Jones never attempted to seek post-conviction relief by challenging the constitutionality of his conviction and sentence. Accordingly, in addition to naming defendants who are immune from suit, *Heck* precludes him from pursuing damages for the circumstances surrounding his incarceration and sentence, and this action will be dismissed. While typically claims barred by *Heck* are dismissed without prejudice, the dismissal will be with prejudice because the only named defendants are not subject to suit in these circumstances.

ORDER

IT IS ORDERED that:

1. Plaintiff Denzen Jamaal Jones is DENIED leave to proceed, and this lawsuit is DISMISSED with prejudice.

2. The clerk of court is directed to close this case.

Entered this 10th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge